**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANGEL ELADIO MEDRANO
5601 13th Street, NW
Apt. 302
Washington, DC 20011

Plaintiff,

v.

I.L. CREATION OF MARYLAND, INC.
11426 Rockville Pike
Rockville, Maryland 20852

Serve: Resident Agent
Steven P. Choi
11426 Rockville Pike
Rockville, Maryland 20852

JAMES PARK
14th & Constitution Avenue, NW
Washington, DC 20032

Defendants.

Civil Action No.

**COMPLAINT**

Plaintiff, Angel Eladio Medrano ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Defendants I.L. Creation of Maryland, Inc. and James Park (collectively "Defendants"), under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-1301, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the D.C. Wage Revision Act ("DCMWRA") D.C. ST §32-1003, *et seq.*, stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

INTRODUCTION

Plaintiff works for Defendants as a maintenance laborer. Plaintiff is paid at the same hourly rate for all hours worked. He works approximately fifty hours per week and is not paid at the overtime rate of one and a half times his regular hourly rate for all hours in excess of forty hours per week as required by D.C. and federal law. Defendants only compensate Plaintiff with $100.00 in cash every two weeks for his overtime hours, which is insufficient. Defendants have willfully violated the clear and well-established overtime provisions of the DCWPCL, the FLSA, and the DCMWRA. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

PARTIES

3. Plaintiff is an adult resident of the District of Columbia.

4. Defendant I.L. Creation of Maryland, Inc. ("I.L. Creation") is a Maryland corporation.

5. Defendant James Park is the owner of I.L. Creation.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA, the DCWPCL, and the DCMWRA.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND
20850

TELEPHONE 301-340-2020

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant James Park controlled the day to day operations of I.L. Creation.

11. Defendant James Park had the power to hire, fire, suspend, and discipline Plaintiff.

12. Defendant James Park supervised Plaintiff directly or indirectly.

13. Defendant James Park directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. Defendant James Park directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. The District Court of the District of Columbia has made clear that individual employers are liable regardless of corporate shields under FLSA and the DCWPCL if the employer met the economic reality test for "control." *Ventura v. Bebo Foods, Inc.*, 2738 F. Supp.2d 1, 5 (2010).

16. Defendant James Park would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND
20850

TELEPHONE 301-340-2020

<u>FACTS</u>

17. Plaintiff has been employed by Defendants as a maintenance laborer since March 18, 2012 through present (the "Employment Period").

18. Throughout the Employment Period, Plaintiff has been paid at a regular hourly rate of $11.49.

19. Plaintiff works approximately fifty hours per week and has not been compensated at the required overtime rate of one and one half times his regular hourly rate for those hours worked over forty hours.

20. Defendants pay Plaintiff $100.00 in cash every two weeks to compensate him for his overtime hours, however that amount is insufficient.

21. Plaintiff is owed approximately $14,539.60 in overtime wages.

22. Plaintiff is owed overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of D.C. and federal law.

23. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked. *See* 29 U.S.C. §211(c).

24. The precise number of hours worked and wages owed should be revealed through discovery.

25. Defendants knowingly and intentionally violated Plaintiff's rights under D.C. and federal law.

**COUNT I**
**(FLSA)**

26. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND
20850

TELEPHONE 301-340-2020

27. Defendants are required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

28. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

29. Defendants pay Plaintiff $100.00 in cash every two weeks to compensate him for his overtime hours, however that amount is insufficient.

30. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

31. Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in his favor in an amount to be determined at trial, but not less than $29,079.20, which is two times the total overtime compensation owed, plus any additional damages incurred during his continued employment, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

**COUNT II**
**(Violation of the D.C. Minimum Wage Revision Act)**

32. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

33. Defendants are required to pay Plaintiff one and a half times his regular hourly rate for hours in excess of forty hours per week. *See* D.C. ST §32-1012.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND
20850

TELEPHONE 301-340-2020

34. Throughout the Employment Period, Defendants failed to properly pay Plaintiff overtime required by the DCMWRA.

35. Defendants pay Plaintiff $100.00 in cash every two weeks to compensate him for his overtime hours, however that amount is insufficient.

36. Unpaid wages are due and owing to Plaintiff by Defendants.

37. Defendants' failure and refusal to comply with their obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $29,079.20, plus any additional damages incurred during his continued employment, and to grant to Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

**COUNT III**
**(Violation of the D.C. Wage Payment and Collection Law)**

38. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

39. Defendants are required to pay to Plaintiff overtime wages at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

40. Plaintiff works overtime hours that are not properly compensated by Defendants as required by the DCWPCL.

41. Defendants paid Plaintiff $100.00 in cash every two weeks to compensate him for his overtime hours, however that amount is insufficient.

42. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

43. Defendants' failure and refusal to comply with their obligations under the

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND
20850

TELEPHONE 301-340-2020

DCWPCL is not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $43,618.80, which is approximately three times the wages owed, plus any additional damages incurred during his continued employment; and to grant to Plaintiff his reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: /s/ *Mary Craine Lombardo*
Mary Craine Lombardo (495881)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND
20850

TELEPHONE 301-340-2020